IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| **El-Ghazawi et al,**<br><br>*Plaintiffs*,<br><br>v.<br><br>**Optelligence LLC et al,**<br><br>*Defendant* | Civil No. 1:23-cv-01771-LMB-WBP |

### ANSWER TO COMPLAINT

### PRELIMINARY STATEMENT

Defendant Volker Sorger, by and through undersigned counsel, hereby responds to the Complaint of Plaintiffs Tarek El-Ghazawi and Thinking Lights LLC. Any allegation or other assertion not specifically admitted herein is denied.

### RESPONSES TO PARAGRAPHS IN THE SECTION OF THE COMPLAINT ENTITLED "PARTIES"

1. Dr. Sorger admits that Thinking Lights LLC was a limited liability company that was established under Virginia law in June 2019. Dr. Sorger denies the remaining allegations in Paragraph 1 of the Complaint.

2. Dr. Sorger is without sufficient knowledge to admit or deny the allegations in Paragraph 2 and therefore denies them.

3. Dr. Sorger admits that Optelligence LLC is a limited liability company formed under the laws of Delaware. Dr. Sorger denies the remaining allegations in paragraph 3 of the Complaint, including because he is without sufficient information to answer or deny certain of those allegations.

4.     Dr. Sorger admits that he was previously a professor at George Washington University. Dr. Sorger admits that he has been a member of Thinking Lights LLC. Dr. Sorger admits that he founded Optelligence LLC and has been an equity holder in Optelligence LLC. Dr. Sorger admits that he presently is a Florida resident. Dr. Sorger denies the remaining allegations in paragraph 4 of the Complaint.

5.     Dr. Sorger is without sufficient information to admit or deny the allegations in paragraph 5 of the Complaint and therefore denies them.

6.     Dr. Sorger is without sufficient information to admit or deny the allegations in paragraph 6 of the Complaint and therefore denies them.

**RESPONSES TO PARAGRAPHS IN THE SECTION OF
THE COMPLAINT ENTITLED "JURISDICTION AND VENUE"**

7.     Dr. Sorger is without sufficient information to admit or deny the allegations on which the legal conclusion in paragraph 7 of the Complaint is based and therefore denies paragraph 7.

8.     Dr. Sorger is without sufficient information to admit or deny the allegations on which the legal conclusion in paragraph 8 of the Complaint is based and therefore denies paragraph 8.

**RESPONSES TO PARAGRAPHS IN THE SECTION OF
THE COMPLAINT ENTITLED "FACTUAL ALLEGATIONS"**

9.     Denied. Thinking Lights was a Virginia limited liability company formed in June 2019 in connection with a potential venture through which Dr. Sorger and El-Ghazawi would endeavor to license a bundle of 12 (twelve) patents owned by George Washington University ("GWU") and then market those patents for license or sale to third-parties.

10. Denied. Dr. Sorger and El-Ghazawi developed the Thinking Lights concept before 2019, namely the idea—to license the bundle of 12 patents from GWU and then market and sell the rights to those patents to third-parties—and presented the idea to GWU in 2018, but the discussions did not get close to yielding a full agreement.

11. Denied. For example, there was no agreement between Dr. Sorger and El-Ghazawi to contribute "all of their nano-photonic computing related ideas, research and protected intellectual property (i.e., their invented patents, which were technically owned by GWU") in this subject matter area to the company." Indeed, neither Dr. Sorger nor El-Ghazawi owned any such patents and had no right or ability to contribute patents owned by GWU.

12. Denied. El-Ghazawi attempted to convince GWU's Technology Commercialization Office to license the bundle of patents to Thinking Lights, but was unable to do so. GWU chose instead to license three of the patents in the bundle to a Canadian entity (TandemLaunch) that does not have, has never had, any relationship to or with Dr. Sorger or El-Ghazawi. El-Ghazawi, in his role as a professor at GWU, participated on GW's behalf in discussions between GWU and TandemLaunch relating to TandemLaunch's interest in licensing those patents. GWU confirmed in an email to El-Ghazawi and Dr. Sorger on May 4, 2020, that it had completed the license agreement with TandemLaunch. In that same May 4, 2020 email, GWU informed El-Ghazawi and Dr. Sorger—that it would not consider engaging with Thinking Lights on anything but the six GW-owned patents on which both Dr. Sorger and El-Ghazawi are named as co-inventors. On May 5, 2020, El-Ghazawi responded to GWU's May 4, 2020 email and stated that he was "very disappointed and truly saddened" by GW's decision and that he was "not sure where to go from here" and "not sure whether any more steps here are meaningful." Sure enough, after his May 5, 2020 email to GWU, El-Ghazawi gave up on the Thinking Lights

venture, made no further efforts on Thinking Lights's behalf, and, by choosing not to pay to the State Corporation Commission of Virginia the required annual LLC fees, allowed the Thinking Lights entity's existence to be automatically cancelled at the end of September 2020 pursuant to Virginia Code § 13.1-1050.2.

13. Denied. El-Ghazawi abandoned the Thinking Lights venture on May 5, 2020 after GWU's decision not to engage with Thinking Lights on the 12-patent bundle, but to instead license some of those patents to TandemLaunch. El-Ghazawi then chose not to pay the State Corporation Commission of Virginia the required annual LLC fees and thus allowed the Thinking Lights entity's existence to be automatically cancelled at the end of September 2020 pursuant to Virginia Code § 13.1-1050.2. Later, in October 2020, and only after GWU had reached out to Dr. Sorger as to whether he had interest in working to monetize any of the patents from the bundle that GWU had not yet licensed, did Dr. Sorger begin discussions with GWU concerning the possibility of Optelligence, LLC—an entity Dr. Sorger had founded for the purpose of making and selling crypto miners—licensing certain of those GWU patents. Optelligence agreed in February 2021 to license some patents from GWU, but has never licensed (or otherwise obtained the rights to) any of the six patents that for which GWU indicated that it may be willing to engage with Thinking Lights.

14. Denied.

15. Denied. For example, Optelligence has never used or licensed any photonic and nanophotonic ideas, research or patents developed by El-Ghazawi.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

### RESPONSES TO PARAGRAPHS IN THE SECTION OF
### THE COMPLAINT ENTITLED "COUNT I"

20. Dr. Sorger incorporates by reference as if set forth fully herein, his responses to the allegations of Paragraphs 1 through 19 of the Complaint.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

### RESPONSES TO PARAGRAPHS IN THE SECTION OF
### THE COMPLAINT ENTITLED "COUNTII"

25. Dr. Sorger incorporates by reference as if set forth fully herein, his responses to the allegations of Paragraphs 1 through 24 of the Complaint.

26. Denied. For example, Virginia law imposes no duty of loyalty upon a manager or member of an LLC. *In re Virginia Broadband, LLC*, 521 B.R. 539 (Bankr. W.D. Va. 2014), aff'd, 538 B.R. 253, 61 Bankr. Ct. Dec. (CRR) 197 (W.D. Va. 2015). Nor did the Thinking Lights LLC operating agreement impose any such duty.

27. Denied.

28. Denied.

### RESPONSES TO PARAGRAPHS IN THE SECTION OF
### THE COMPLAINT ENTITLED "COUNT III"

29. Dr. Sorger incorporates by reference as if set forth fully herein, his responses to the allegations of Paragraphs 1 through 28 of the Complaint.

30. Denied.

31. Denied.

32. Denied

33. Denied.

## RESPONSES TO PARAGRAPHS IN THE SECTION OF
## THE COMPLAINT ENTITLED "COUNT IV"

34. Dr. Sorger incorporates by reference as if set forth fully herein, his responses to the allegations of Paragraphs 1 through 33 of the Complaint.

35. Denied.

## RESPONSES TO PARAGRAPHS IN THE SECTION OF
## THE COMPLAINT ENTITLED "COUNT V"

36. Dr. Sorger incorporates by reference as if set forth fully herein, his responses to the allegations of Paragraphs 1 through 35 of the Complaint.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

## RESPONSES TO PARAGRAPHS IN THE SECTION OF
## THE COMPLAINT ENTITLED "COUNT VI"

41. Dr. Sorger incorporates by reference as if set forth fully herein, his responses to the allegations of Paragraphs 1 through 40 of the Complaint.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

## RESPONSES TO PARAGRAPHS IN THE SECTION OF
## THE COMPLAINT ENTITLED "COUNT VII"

46.   Dr. Sorger incorporates by reference as if set forth fully herein, his responses to the allegations of Paragraphs 1 through 45 of the Complaint.

47.   Denied.

48.   Denied.

49.   Denied.

50.   Denied.

## RESPONSE TO THE DEMAND

Dr. Sorger denies that Plaintiffs are entitled to any of the relief requested in the Complaint or any other relief whatsoever.

## AFFIRMATIVE DEFENSES

1.   Plaintiffs' claims are barred, in whole or in part, because the complaint fails to state a claim, in whole or in part, upon which relief may be granted.

2.   Plaintiffs' claims are barred, in whole or in part, because defendant breached no duty owed to plaintiff under federal, state, or local law.

3.   Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

4.   Plaintiffs' claims are barred, in whole or in part, by the applicable statute of frauds, such as Virginia Code § 11-2.

5.   Plaintiffs' claims are barred, in whole or in part, by waiver.

6.   Plaintiffs' claims are barred, in whole or in part, by laches.

7.   Plaintiffs' claims are barred, in whole or in part, by estoppel.

8.   Plaintiffs' claims are barred, in whole or in part, by failure of consideration.

Defendant reserves the right to assert additional affirmative defenses as this action proceeds.

Dated: March 11, 2024				Respectfully submitted,

					**EVERSHEDS SUTHERLAND (US) LLP**

					By:	/s/ *John W. Lomas, Jr.*
						John W. Lomas, Jr.
						VA Bar No. 73148
						700 6th St. NW
						Washington, DC 20001
						Email: johnlomas@eversheds-sutherland.us
						Phone: (202) 220-8049

						**ATTORNEY FOR DEFENDANT
						DR. VOLKER SORGER**