IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| El-Ghazawi, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Optelligence LLC, *et al*, <br><br> Defendants. | Case No: 1:23-CV-414-AJT-LRV |

**DEFENDANT VOLKER SORGER'S OBJECTIONS TO
PLAINTIFFS' DOCUMENT REQUESTS TO DEFENDANT SORGER**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Rules") and Local Civil Rule 26(C), Defendant Dr. Volker Sorger ("Sorger") hereby objects to Plaintiffs' Document Requests to Defendant Sorger ("Requests").

**PRELIMINARY STATEMENT**

Sorger makes these objections solely for the purpose of this action. Sorger will engage in document discovery and provide information in a manner that is proportional to the needs of this case and in accordance with the governing Federal Rules of Civil Procedure and such protective order to which the parties may agree. Sorger notes that despite this Court's March 29, 2024 order providing that discovery began on that date and would end on August 9, 2024 (*see* ECF No. 21), Plaintiffs waited Plaintiffs waited until 11:06 p.m. on July 9, 2024 to serve discovery requests, including these Requests.

Sorger makes the following objections based on its knowledge at this time. Discovery in this matter is ongoing, and Sorger reserves the right to amend and/or supplement these objections as needed and/or required under Rule 26(e) of the Federal Rules of Civil Procedure.

Furthermore, Sorger prepared these objections based on its good faith interpretation and understanding of the individual requests. Accordingly, Sorger reserves its right to correct any errors or omissions. Sorger also reserves the right to conduct discovery with reference to, or to offer into evidence at the time of trial, any and all facts, evidence, documents, and things developed during the course of discovery and trial preparation, notwithstanding the reference to certain facts, evidence, documents, and things in these objections and the forthcoming responses.

To the extent that any Request seeks information also sought by or identified pursuant to any other Request (including interrogatories, document requests or requests in other discovery), to avoid unnecessary duplication, Sorger will not produce or identify multiple copies of documents. Accordingly, each document produced should be deemed produced pursuant to every request to which it is or may be responsive.

When Sorger produces documents in response to these Requests, it will produce copies of documents or copies of electronically stored information, rather than permitting inspection of such documents or information. Finally, Sorger relies in its below Objections on the Committee Notes to the 2015 Amendments to Rule 34, which state, in part, that "[a]n objection that states the limits that have controlled the search for responsive and relevant materials qualifies as a statement that the materials have been 'withheld.'"

**OBJECTIONS TO PLAINTIFF'S INSTRUCTIONS AND DEFINITIONS**

1. Sorger objects to Instruction No. 1 as overly broad and as inconsistent with and beyond the scope of the Federal Rules of Civil Procedure and this Court's Local Rules.

2. Sorger objects to the portion of Instruction No. 2 referring to documents in the possession, custody or control of individuals or entities other than Sorger as overly broad and inconsistent with the Federal Rules of Civil Procedure and this Court's Local Rules.

3. Sorger objects to Instruction No. 4 as inconsistent with and beyond the scope of the Federal Rules of Civil Procedure and this Court's Local Rules.

4. Sorger objects to Instruction No. 5 as inconsistent with the Federal Rules of Civil Procedure and this Court's Local Rules.

5. Sorger objects to Instruction No. 7 as inconsistent with the Federal Rules of Civil Procedure and this Court's Local Rules.

6. Sorger objects to Instruction No. 8 as inconsistent with the Federal Rules of Civil Procedure and this Court's Local Rules.

7. Sorger objects to Instruction No. 11 as overly broad, unduly burdensome and inconsistent with the Federal Rules of Civil Procedure and this Court's Local Rules.

8. Sorger objects to the portion of Instruction No. 13 referring to documents in the possession, custody or control of individuals or entities other than Sorger as overly broad and inconsistent with the Federal Rules of Civil Procedure and this Court's Local Rules

## **OBJECTIONS TO THE REQUESTS**

**REQUEST NO. 1:** All documents relied on in preparing or identified in your answers and responses to Plaintiff's Interrogatories.

**OBJECTIONS:** Sorger objects to this Request to the extent that any responsive documents are privileged from discovery, such as, for example, pursuant to the attorney-client privilege or attorney work product doctrine.

**REQUEST NO. 2:** All emails, text messages, voicemail recordings and other communications or correspondence from or Tarek El-Ghazawi, including electronic messages and comunications (sic) in which you were designated a "cc" or "bcc" party, related to Thinking Lights LLC, Optelligence LLC or an assignment, transfer or license of any patents owned by GWU and invented by you.

  **OBJECTIONS:** Sorger objects to this Request as overly broad and unduly burdensome as it is not limited by an appropriate temporal or appropriate subject matter scope. Sorger as vague an ambiguous with respect to "from or Tarek El-Ghazawi", and will assume it means "from or to Tarek El-Ghazawi". Sorger objects to this Request as unduly burdensome as it seeks documents that are already in the possession, custody and control of Plaintiff Tarek El-Ghazawi. Sorger will search for email and text messages from Tarek El-Ghazawi or to Tarek El-Ghazawi that refer to Thinking Lights LLC or Optelligence LLC.

**REQUEST NO. 2*:** The operating agreement for Optelligence LLC, including each iteration or modification thereto (sic), together with all drafts thereof.

  **OBJECTIONS:** As an initial matter, Sorger notes that this is a second Request numbered "2". Sorger objects to this Request to the extent that any responsive documents are privileged from discovery, such as, for example, pursuant to the attorney-client privilege or attorney work product doctrine. Sorger also objects to the relevance of draft operating agreements. Sorger will search for final versions of Optelligence LLC operating agreements.

**REQUEST NO. 3:** All emails, text messages, voicemail recordings and other communications or correspondence related to Optelligence LLC or, if prior to the legal formation of that entity, the project(s) or business(es) for which Optelligence LLC was later formed.

**OBJECTIONS:** Sorger objects to this Request as not properly limited to an appropriate temporal or subject matter scope. Sorger objects to this Interrogatory as beyond the scope of discovery authorized by Federal Rule 26(b)(1) as it is not properly limited to information relevant to claims and defenses in this case. Sorger stands ready to meet and confer with respect to the scope of this Request.

**REQUEST NO. 4:** All limited liability company membership interest agreements for Optelligence LLC.

**OBJECTIONS:** Sorger objects to this Request as vague and ambiguous with respect to "membership interest agreements for Optelligence LLC". Sorger objects to the extent that any responsive agreements are subject to a confidentiality agreement with a third-party; Sorger will endeavor to notify any such third-parties and seek their permission to produce any such agreements. Sorger stands ready to meet and confer with respect to the meaning and scope of this Request.

**REQUEST NO. 5:** Every agreement between or among some or all of the members of Optelligence LLC, including without limitation the agreement from which the following was excerpted:

> 24. Sorger hereby assumes exclusive responsibility for any matters related to Tarek El-Ghazawi. Therefore, MDD Investments, L.P, Nouri, Dalir or Optelligence shall not bear any consequences or involvement in relation to Tarek El-Ghazawi; Sorger is solely accountable for addressing such issues.

**OBJECTIONS:** Sorger objects to this Request as vague and ambiguous with respect to "the agreement from which the following was excerpted" including because the Request does not provide any context such as the source or timing of the purported excerpt. Sorger objects to this Request because at least one responsive agreement is subject to a confidentiality agreement with other parties. Sorger will notify such parties and endeavor to seek their permission to produce such responsive agreement.

**REQUEST NO. 6:** If not included in your response to Request 5, each draft and partially executed version of the "Joint Agreement to Cooperate" produced by Plaintiffs as TEG000411 and TEG000439.

**OBJECTIONS:** Sorger objects to this Request as seeking documents that are not relevant to any claim or defense in this action. Subject to and without waiving the foregoing objection, Sorger will search for executed versions of the referenced document.

**REQUEST NO. 7:** Every agreement between or among Optelligence LLC, or some or all members of Optelligence LLC, and MDD Investments, L.P.

**OBJECTIONS:** Sorger objects to this Request as not properly limited to an appropriate temporal or subject matter scope. Sorger objects to this Request as requesting documents in the possession, custody and control of parties over which Sorger has no control. Sorger objects to this Request because at least one responsive agreement is subject to a confidentiality agreement with other parties. Sorger will notify such parties and endeavor to seek their permission to produce the responsive agreement. Sorger stands ready to meet and confer regarding the scope of this Request.

**REQUEST NO. 8:** All emails, text messages, voicemail recordings and other communications or correspondence from or to Francis Conti or MDD Investments, L.P.

**OBJECTIONS:** Sorger objects to this Request as not properly limited to an appropriate temporal or subject matter scope. Sorger objects to this Request as requesting documents in the possession, custody and control of parties over which Sorger has no control. Sorger stands ready to meet and confer regarding the scope of this Request.

**REQUEST NO. 9:** Every agreement between or among Optelligence LLC, or some or all members of Optelligence LLC, and George Washington University ("GWU").

**OBJECTIONS:** Sorger objects to this Request as not properly limited to an appropriate temporal or subject matter scope. Sorger objects to this Request as requesting documents in the possession, custody and control of parties over which Sorger has no control. Sorger stands ready to meet and confer regarding the scope of this Request.

**REQUEST NO. 10:** All emails, text messages, voicemail recordings and other communications or correspondence from or to GWU, including electronic messages and comunications in which you were designated a "cc" or "bcc" party, related to Thinking Lights LLC, Optelligence LLC or an assignment, transfer or license of any patents owned by GWU and invented by you.

**OBJECTIONS:** Sorger objects to this Request as not properly limited to an appropriate temporal or subject matter scope. Sorger objects to this Request as requesting documents in the possession, custody and control of parties over which Sorger has no control. Sorger stands ready to meet and confer regarding the scope of this Request.

**REQUEST NO. 11:** If not included in your response to Requestn (sic) 9, all emails, text messages, voicemail recordings and other communications or correspondence from or to Jerry Comanescu, including electronic messages and comunications in which you were designated a "cc" or "bcc" party.

**OBJECTIONS:** Sorger objects to this Request as not properly limited to an appropriate temporal or subject matter scope. Sorger objects to this Request as requesting documents in the possession, custody and control of parties over which Sorger has no control. Sorger stands ready to meet and confer regarding the scope of this Request.

**REQUEST NO. 12:** The call log for each mobile phone or smartphone, and any office or home telephone system, that includes one or more calls received from or made to Tarek El-Ghazawi.

**OBJECTIONS:** Sorger objects to this Request as not properly limited to an appropriate temporal or subject matter scope. Sorger objects to this Request as requesting documents in the possession, custody and control of parties over which Sorger has no control. Sorger objects to this Request as beyond the scope of discovery authorized under the Federal Rules of Civil Procedure. Sorger does not intend to produce documents in response to this Request.

**REQUEST NO. 13:** The accounting ledger, check register and financial statements (balance sheet, income statement, sources and uses of cash) of Optelligence LLC from formation to the present.

**OBJECTIONS:** Sorger objects to this Request as requesting documents in the possession, custody and control of parties over which Sorger has no control.

**REQUEST NO. 14:** All tax returns and all Forms K-1, W-2, 1099-MISC and other IRS forms and/or schedules for Optlligence (sic) LLC from formation to the present.

**OBJECTIONS:** Sorger objects to this Request as requesting documents in the possession, custody and control of parties over which Sorger has no control.

**REQUEST NO. 15:**  All documents reflecting, referring to or estimating the valuation of Optelligence LLC at any time from formation to the present.

    **OBJECTIONS:**  Sorger objects to this Request to the extent it seeks documents that are privileged from discovery, such as, for example, pursuant to the attorney-client privilege or attorney work product doctrine. Sorger objects to this request as vague and ambiguous with respect to the "valuation of Optelligence LLC".

**REQUEST NO. 16:**  Documents sufficient to show each distribution made by Optelligence LLC to Sorger, wheher (sic) designated salary, compensation, bonus, dividend, return of capital or otherwise.

    **OBJECTIONS:**  None.

**REQUEST NO. 17:**  All documents prepared by you or on your behalf related to Freedom Venture LLC.

    **OBJECTIONS:**  Sorger objects to this Request as beyond the scope of discovery authorized by the Federal Rules of Civil Procedure and this Court's Local Rules, as there are no claims in this action relating to "Freedom Venture LLC". Sorger does not intend to produce documents in response to this Request.

**REQUEST NO. 18:**  All documents examined or considered by each person you expect to call as an expert witness at trial in the formulation of the opinions to which he or she is expected to testify.

    **OBJECTIONS:**  None.

**REQUEST NO. 19:** All documents (a) that relate to the defenses you assert in this case, or (b) obtained by you through subpoena duces tecum, FOIA request or other discovery or legal device that relate to Plaintiffs' claims or the defenses you assert to such claims.

**OBJECTIONS:** Sorger objects to this Request as beyond the scope of discovery authorized by the Federal Rules of Civil Procedure and this Court's Local Rules with respect to "All documents . . . that relate to". Sorger objects to this Request to the extent it seeks documents that are privileged from discovery, such as, for example, pursuant to the attorney-client privilege or attorney work product doctrine.

**REQUEST NO. 20:** Documents sufficient to show each capital contribution to Optelligence LLC.

**OBJECTIONS:** Sorger objects to this Request as requesting documents in the possession, custody and control of persons over which Sorger has no control.

**REQUEST NO. 21:** Every business plan or other document discussing, analyzing or referring to the business model, projected market or financial performance of Optelligence LLC.

**OBJECTIONS:** Sorger objects to this Request as beyond the scope of discovery authorized by the Federal Rules of Civil Procedure and this Court's Local Rules. Sorger objects to this Request to the extent it seeks documents that are privileged from discovery, such as, for example, pursuant to the attorney-client privilege or attorney work product doctrine.

**REQUEST NO. 22:** Documents sufficient to show each distribution made by Optelligence LLC to members other than Sorger, wheher designated salary, compensation, bonus, dividend, return of capital or otherwise.

**OBJECTIONS:** Sorger objects to this Request as requesting documents in the possession, custody and control of persons over which Sorger has no control.

**REQUEST NO. 23:** Copies of all exhibits (including demonstrative exhibits) you expect to introduce or rely on at any hearing or trial.

    **OBJECTIONS:** Sorger objects to this Request as premature in light of the Scheduling Order issued by the Court on March 29, 2024 in this action (ECF No. 21).

**REQUEST NO. 24:** To the extent you withhold documents otherwise responsive to these requests by claiming privilege or protection as trial preparation material, produce a schedule identifying each such withheld document and the nature of the information withheld in accordance with Rule 4:01(b)(6).

    **OBJECTIONS:** Sorger objects to this Request as it does not request documents, electronically stored information or tangible things that presently exist.

Dated: July 24, 2024

    Respectfully submitted,

    */s/ John W. Lomas, Jr.*
    John W. Lomas Jr. (SBN 73148)
    **EVERSHEDS SUTHERLAND (US) LLP**
    700 Sixth Street N.W., Suite 700
    Washington, DC 20001
    Telephone: (202) 220-8049
    Facsimile: (202) 637-3593
    johnlomas@eversheds-sutherland.com

    *Counsel for Dr. Volker Sorger*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **Defendant Volker Sorger's objections to Plaintiffs' Document Requests to Defendant Sorger** was served on July 24, 2024 via e-mail, on all counsel or parties of record who have appeared in this action:

>Glenn Brett Manishin
>ParadigmShift Law LLP
>11410 Reston Station Blvd
>Suite 586
>Reston, VA 20190
>202-256-4600
>Fax: 877-666-5111
>Email: glenn@manishin.com
>
>*Counsel for Plaintiffs*
>
>Marc Weinstein
>U-Gen Law PLLC
>2700 Bellforest Court
>Ste 304
>Vienna, VA 22314
>571-225-7285
>Email: marc.weinstein@u-genlaw.com
>
>Peter Douglas Weinstein (*pro hac vice*)
>Entralta PLLC (NA)
>4500 Williams Dr
>Ste 212, PMB511
>Georgetown, TX 78633
>805-444-7865
>Fax: 805-322-4469
>Email: peter.weinstein@entralta.com
>
>*Counsel for Defendants Optelligence LLC, Hamid Dalir & Bherouz Movahhed Nouri*

                                                  */s/ John W. Lomas, Jr.*
                                                  John W. Lomas, Jr.